**Ben Hai DAI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–5385–AG.

United States Court of Appeals, Second Circuit.

March 20, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Bing Li, Bayside, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, George Jackson III, Assistant United States Attorney, Chicago, Illinois, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Ben Hai Dai petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his applications for asylum, withholding of removal, and CAT relief. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000). We assume the parties' familiarity with the facts and procedural history of the case.

Upon due consideration, it is ORDERED that the petition for review is hereby DENIED because the IJ's finding that Dai had failed to meet his burden of proof was supported by substantial evidence. Dai gave conflicting testimony regarding: (1) the total number of people who had been arrested in the park; and (2) the number of elderly people who had not been arrested—first, by stating in his asylum application that nine people had not been arrested, then, upon direct examination, by saying that only an "[o]ld fellow, old man," had avoided arrest, and finally, on cross-examination, by stating, again, that the officials had not arrested nine of the elderly practitioners. The passport Dai used to enter the United States further weakens the credibility of his assertion that he had left China illegally and had been wanted for arrest due to his practice of Falun Gong. The passport Dai entered into evidence bore his real name and his photograph, and had passed inspection by a Chinese official, which provides substantial support for the IJ's inference that the passport was, in fact, genuine, and Dai had left China legally. Finally, although Dai's mother's letter had corroborated most of Dai's assertions, she had not stated that the authorities had returned to look for Dai after he had left China. This lack of corroboration weak-

ens Dai's claim that he is wanted for arrest, and that he fears future persecution.

Because Dai failed to meet his burden to establish eligibility for asylum, he also failed to meet the heavier burden for withholding of removal. *See Ramsameachire,* 357 F.3d at 178. Dai failed to appeal the IJ's denial of CAT relief to either the BIA or this Court, and that issue is, therefore, waived. *See United States v. Babwah,* 972 F.2d 30, 34 (2d Cir.1992).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).